## A. WILMURTH ET AL. V. M. E. TOMPKINS ET AL.

Decided November 18, 1899.

**1. Evidence—Transactions with Decedent.**

Where a widow who has not qualified as survivor in community, joined by her children as heirs, brings suit to cancel conveyances of community property made by the deceased husband, the defendant is not inhibited by the statute, as against the community half interest of the widow, from testifying as to transactions with and statements by the deceased husband. Rev. Stats., art. 2302.

**2. Same—Partnership Matters.**

The fact that the defendant, in his answer, alleging a partnership between himself and the deceased husband, reconvened for damages against plaintiffs as the heirs of the deceased partner, would not prevent such testimony from being admissible against the surviving widow.

APPEAL from Clay. Tried below before Hon. RICHARD MORGAN.

*McMurray & Gose* and *Galloway & Templeton,* for appellants.

*J. F. Montgomery,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by the widow and children of M. J. Tompkins to cancel certain conveyances of real estate situated in Clay County, Texas, made by A. D. Goodenough under a power of attorney executed by M. J. Tompkins, and to enjoin a trustee's sale of said real estate under one of the instruments sought to be canceled. The suit was brought against the trustee, A. Wilmurth, and W. J. Rogers, the beneficiary in the deed of trust, and relief was sought upon the ground of the insanity of M. J. Tompkins when said conveyances were made.

Besides a general denial, Rogers filed a plea in reconvention, impleading A. D. Goodenough and M. Brooks, through whom the title appeared to have passed from Tompkins. Among other matters, Rogers sought in the answer thus filed to enforce his lien upon the land in question, upon the ground that Goodenough and M. J. Tompkins were partners when the conveyances sought to be canceled were executed, and in support of this allegation offered the testimony of Goodenough, which was excluded by the court, perforce of article 2302 of our Revised Statutes.

To this ruling he assigns error, and under the assignments submits

the following proposition, which we think must be sustained: "The testimony of A. D. Goodenough, the exclusion of which is complained of in the above assignments, was admissible against the plaintiff M. E. Tompkins, who was suing in her own right as surviving wife of M. J. Tompkins to recover her half interest in the property belonging to herself and said decedent in common."

The land in controversy was presumptively community property of M. J. Tompkins and his wife, it having been acquired during their marriage, and Mrs. Tompkins brought this suit without qualifying as community survivor. It was therefore a suit, so far as she was concerned, in her own right, and not in a representative capacity, to recover her half of the property.

In Gurley v. Clarkson, 30 Southwestern Reporter, 360, the Court of Civil Appeals for the Third District held the statute above referred to to be applicable where the surviving wife had qualified as provided in our statute on that subject, using this language: "It was not a suit solely by her for her community interest, but she stood in the position of the representative of the estate under the statute that authorizes the surviving husband or wife to so qualify with reference to the community estate of the spouses."

In the subsequent case of Harris v. Warlick, 42 Southwestern Reporter, 356, in which the survivor sued without qualifying, as in this case, the same court held that the statute did not apply in such case. The point was thus stated and disposed of in the opinion: "The court excluded the testimony of defendant to the effect that he purchased and paid T. B. Harris for an undivided one-half interest in the Brown County Banner, and at the time of the death of T. B. Harris he and defendant were equal owners of the paper and partners in operating the same. The testimony was excluded upon the ground that T. B. Harris was dead, and defendant could not testify to any contracts with or transactions between himself and T. B. Harris. The testimony was admissible as against Mrs. Essie Warlick, the widow of T. B. Harris. She was not suing as an heir or executor of Harris's estate, but in her own right as the owner of one-half of the community. She did not represent the estate, in any sense. She does not come within the exceptions enumerated in the statutes. Rev. Stats., art. 2248; Newton v. Newton, 77 Texas, 508; Wootters v. Hale, 83 Texas, 564; Mitchell v. Mitchell, 80 Texas, 111. Mrs. Warlick does not come within the class of persons named in the statute, and therefore as to her the testimony was admissible."

This conclusion seems to accord with the construction given this statute by our Supreme Court, as indicated in the cases cited, and that construction is binding on us. It matters not that courts in other States may have given similar statutes a different and more liberal construction. Nor does it matter that in the answer of appellant Rogers the plaintiffs below were described as the heirs of M. J. Tompkins. The facts were stated in the pleadings of said plaintiffs, and the law determines whether or not the surviving widow was the heir. But treating the answer of

Rogers as a reconvention for damages against them all as heirs of M. J. Tompkins, deceased, we must nevertheless hold that, in so far as the fact of partnership would be a defense to the recovery sought by them against him, the testimony was competent as against the surviving widow.

This appeal presents several other questions, but we need not discuss them, since we can not very well anticipate the course of the next trial.

Because the court erred in excluding the testimony of Goodenough, as set forth in the bill of exceptions, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.