### MRS. L. H. FIELD v. MATTIE FIELD ET AL.

Decided April 5, 1905.

**1.—Evidence—Impeachment—Guardian's Declarations.**

The guardian of an insane person suing to recover property of the ward claimed by defendants through parol gift from him followed by possession and improvements having testified that the possession held by defendants was as tenants, a statement made by such guardian to the superintendent of the insane asylum as to the property owned by the ward and which omitted the property in controversy from such list was admissible to contradict the guardian's testimony as to the character of defendant's possession.

**2.—Evidence—Insanity—Opinion of Non-Expert.**

Intimate acquaintance and business transactions of a witness with one who was afterwards adjudged insane, the suit being for the recovery of property by his guardian, held sufficient to qualify such witness, who testified to declarations made by the ward in disparagement of his title, to give also his opinion that declarant was sane at the time of making the declarations.

**3.—Evidence—Objection—Bill of Exceptions.**

Where questions objected to were not answered, but the testimony sought was received in answer to a subsequent question, not objected to nor objectionable in form, a bill of exceptions to the admission of the evidence so received should show that the grounds of objection urged to the former question were still urged to the answer, to render such objection available.

**4.—Evidence—Parties—Self Serving Declaration.**

Declarations by one in possession of land that he was holding it under a parol gift instead of a holding as tenant, were admissible to explain the nature of his possession, though self serving.

**5.—Evidence—Parties—Transaction with Ward.**

When plaintiff was suing both in her own right and as guardian of her insane husband, an objection that certain testimony related to transactions with the ward and was made inadmissible by art. 2302, Rev. Stats., was not available, the testimony being admissible against her in her own right the objection should have been to its admission to affect her rights as guardian.

**6.—Harmless Error.**

The admission of evidence over objections, if error, becomes harmless where the same testimony is elsewhere admitted without objection.

**7.—Evidence—Harmless Error—Possession.**

Evidence by defendant that she was in the cotton patch on the premises in controversy when citation in the suit was served on her, if irrelevant,· was harmless, but might be considered relevant where her possession and its character were in issue.

**8.—Charge—Tenant—Repudiating Landlord's Title.**

A charge that defendant, if he went into possession of land as tenant, or improved it under a contract of lease, could not assert that he held by parol gift without surrendering possession, was properly refused where the instructions given denied his right of recovery at all if he went in as tenant.

**9.—Trespass to Try Title—Special Pleading.**

Where, in a suit in trespass to try title, defendant plead specially title by parol gift, possession and improvements, an avoidance of this claim on the ground that the land was part of plaintiff's homestead had to be specially pleaded by plaintiff to avail him.

**10.—Charge—Degree of Proof—Parol Gift.**

Title by parol gift coupled with possession and improvements may be sustained on preponderance of the evidence, and a charge requiring it to be proved with reasonable certainty might be taken as imposing a greater burden.

Appeal from the District Court of Collin County. Tried below before Hon. J. M. Pearson.

*Garnett & Smith,* for appellants.

*Abernathy & Mangum,* for appellees.

FISHER, Chief Justice.—This is a suit by Mrs. Field in her own behalf, and as guardian of her insane husband, P. B. Field, against Mrs. Mattie Brecheen and her children, to recover title and possession of a tract of 103 acres of land, situated in Collin County.

The defendants disclaimed as to all of this tract except 88 acres, for the recovery of which they pleaded a title in themselves by oral gift from P. B. Field to John Field, deceased, who was at that time the husband of the appellee, Mrs. Mattie Brecheen, and the father of the minor children, defendants in the suit. The appellees pleaded that, in pursuance of this gift, John Field, deceased, with his family, took possession of the 88 acres, and made valuable improvements upon it, which the appellees have been occupying since the date of the gift. The appellees also filed a cross-action, in which they sought to recover a half interest in a tract of 192 acres in another survey, set out and described in the cross-bill. It was alleged that P. B. Field and John Field purchased the land jointly, and that they had made a parol partition of the same, in pursuance of which John Field received the north half of this tract and P. B. Field the south half, and that each acted upon this partition and took possession of the land.

The case was tried before a jury, and verdict and judgment were in appellant's favor against the defendants for all of the title to the 103 acres, except the 88 acres, and as to this tract the jury returned a verdict in favor of the appellees on their alleged parol gift, which had been made to John Field, and in favor of appellees for the north half

of the tract of 192 acres, and in favor of appellant for the south half of that tract, and also in favor of the appellant against Mrs. Mattie Brecheen and her husband, S. H. Brecheen, for $112.75, as rent for that portion of the land as to which the appellees had disclaimed.

We find that there is evidence in the record to support the verdict and judgment of the trial court; that is, that there was a parol gift of the 88 acres by P. B. Field, the father, to John Field, his son, and that John Field took possession of the land, used and cultivated the same, and made valuable improvements thereon. As to the half interest in the 192 acres, the appellant, on pages 32 and 33 of her brief, practically admits that the verdict and judgment of the court below are sustained by the evidence.

Appellant's first assignment of error is to the effect that the court erred in permitting the appellees, on cross-examination of the plaintiff, Mrs. L. H. Field, to prove by her that she had rendered a statement to the superintendent of the insane asylum at Terrell, where her husband, P. B. Field, was confined, setting forth the land owned by her and her husband, and that the land in controversy in this suit was not contained in this statement. The objection to this evidence was that it was wholly immaterial and irrelevant, and prejudiced the plaintiff's case. In view of the facts in the record, we think this testimony was admissible. In the trial court, Mrs. Field contended that the 88-acre tract in controversy was never given by her or her insane husband to John Field, and, while it was true that John Field went into possession of the same, that he did so merely as the tenant of the appellant and her husband; and it was asserted by her that she, during the time of the occupancy of John Field, and subsequent to his death, claimed the land in controversy. On the other hand, the appellees contended that they were not in possession as tenants, but that John Field went into possession, and the appellees subsequently held the land under the parol gift from P. B. Field. Mrs. Field testified in the case in support of her theory that John Field and his family were occupying the premises merely as tenants. The evidence objected to, being a voluntary statement made by her, was admissible for what it was worth as tending to contradict her in the assertion that she claimed the land as owner, and that John Field was merely occupying it as tenant.

The second assignment of error complains of the admission of the evidence of the witness Kimbrough. It appears, from the evidence of this witness, that he was well acquainted with P. B. Field, who was known by the name of Pleas Field. He was asked the question whether he knew that Pleas Field became of unsound mind, and whether Pleas Field made to him any statement with reference to the place that John Field lived on, and if so whether, at that time, Pleas Field was of sound or unsound mind; and he was asked to state the facts upon which he based his opinion as to the condition of the mind of Pleas Field. To this question the witness answered that he knew "that Pleas Field became of unsound mind several years ago, and, at the time of the conversation referred to, Pleas Field was considered of sound mind, and transacted his business successfully." The conversation referred to was a statement by Pleas Field to the witness, practically to the effect that he had given the 88-acre tract in controversy to his son John. This

witness also testified that he was intimately acquainted with Pleas Field, and had had considerable transactions with him, such as buying mules, cattle and corn, for several years.

That portion of the answer of the witness in quotation was objected to as hearsay, and that it called for the opinion and conclusion of the witness; that the witness was not shown to have been an expert, and did not state facts that would authorize him to give an opinion as to the state of the mind of P. B. Field. This objection is not well taken. The evidence of this witness exhibited such a knowledge of the mental condition of Field, based upon business transactions with him, coupled with his long acquaintanceship, as would justify him in stating his opinion as to Field's mental condition. The last part of the answer, to the effect that Field transacted his business successfully, was possibly a conclusion, and, if it had been separately objected to, should have been excluded, but the objection was to this answer as a whole, and not merely to a part of it. A part being admissible, the appellant should have confined his objection merely to that part of it that was not admissible.

The third assignment of error is substantially as follows: The court erred in permitting Mrs. Mattie Brecheen, over the objection of the appellant, to testify that John Field, her deceased husband, always claimed the land in controversy. The bill of exceptions upon this question is a little confusing. It is as follows:

"Counsel for defendants propounded this question: 'State whether or not John Field claimed that land while he was living there?' To which the plaintiff objected, because it calls for the opinion of the witness, is hearsay, self-serving, and comes within the prohibition of the statute prohibiting the witness to testify to a transaction between guardian and heir, and because the question is leading. Thereupon counsel for defendant propounded the question: 'State who claimed that 80 acres—who claimed to own it, if anyone—after Doc Hill and Pleas Field and J. T. Field were together at your house?' To which question the plaintiff objected for the same reason which before was by the court overruled, to which action of the court the plaintiff then and there in open court excepted."

Now, down to this point there were merely objections to the questions, but it does not seem that the witness answered either of those questions. The bill of exceptions then proceeds to state that "thereupon counsel for defendant propounded the question: 'State who, if any one, claimed this 80 acres of land after that time?'" Now, there can be no objection to the form of this last question, because as to who claimed the land was a material point to be considered in determining the good faith of the possession. This question may have elicited an answer, the facts of which may have been within the knowledge of the witness, without in any manner violating article 3202 of the Revised Statutes. To this question the witness answered: "John Field always claimed it after they agreed to buy." To which action of the court in overruling said objection and admitting said testimony, the plaintiff then and there in open court excepted, and now here tenders this bill of exceptions.

To the last question which was asked the witness, which is the only question to which the witness gave an answer, there was no objection

urged by the appellant. The objections urged were to the previous questions, which the witness did not answer. The bill of exceptions does show that the appellant excepted to the admission of this evidence. There were no objections urged to this answer. If so, the bill of exceptions does not state the ground of objections. We might be content with this disposition of the bill of exceptions, without the necessity of passing upon the objections that are urged in a previous part of the bill to the questions that were propounded to the witness, and which were not answered. These objections are, that it calls for the opinion of the witness, and is hearsay and self-serving, and comes within the prohibition of the statute prohibiting a witness from testifying in an action between guardian and heir. The evidence doubtless was not offered for the purpose of establishing title to the land by the declarations of John Field, but was admissible for the purpose of accounting for and explaining his possession. The plaintiff contended that John Field was holding merely as her tenant and that of her insane husband. The appellees contended that John Field was asserting title under the parol gift. His assertion of claim by virtue of the parol gift was admissible as one of the facts that ought to be established in order to make the gift perfect, and to negative the fact that he was holding merely as tenant of the appellant.

The objection to this evidence, so far as the prohibition of article 3202 of the Revised Statutes is concerned, may be disposed of with the suggestion that this is not solely an action between guardian and heir, but is in part an action by Mrs. Field in her individual right, as well as in her official capacity as guardian. Mrs. Brecheen, formerly Mrs. John Field, was not asserting any right as the heir of her deceased husband to the property in controversy, and the statute could not apply to her. Furthermore, it does not necessarily follow that her answer to the question was necessarily based upon a statement or transaction between her and John Field. As a fact, she may have possessed knowledge independent of any express declaration of John Field, of the fact that he was claiming the land. The evidence being in part admissible against Mrs. Field, so far as it affected her individual right, and the objection being to the whole of the testimony, she is in no condition to complain as to its admission. It was certainly admissible against her; and while it may not have been admissible against her in her official capacity as guardian, the objection was not limited to this ground, and she requested no instruction that the evidence be disregarded so far as the rights of her insane husband were concerned.

Appellant's fourth assignment of error complains of the action of the court in permitting Mrs. Mattie Brecheen to testify over the objection of appellant that her deceased husband, John Field, controlled the 80 acres of land. It appears from the bill of exceptions that counsel for the defendants in the court below asked Mrs. Brecheen this question: "At the time you and Mr. Field lived on this 80 acres, state who controlled the 80 acres?" To which the witness answered, John T. Field. To which question and answer the plaintiff objected, because it called for the opinion of the witness, and seeks to prove a transaction by the deceased, and is in contravention of the statute, which objection was by the court overruled.

The fact inquired about, and to which the witness testified, may have been within her personal knowledge, independent of any statement or transaction that occurred between her and her deceased husband, John Field; and the answer given was not necessarily the mere expression of an opinion of the witness. She may have known the fact about which she testified. But, however, if this evidence was inadmissible, the appellant is in no position to complain, because Mrs. Brecheen, in another part of her testimony, without objection, testified that John T. Field managed and controlled the 80 acres while they lived on it. This appears upon page 59 of the transcript.

The fifth assignment of error complains of the action of the trial court in permitting Mrs. Brecheen to testify where she was at the time that the citation was served upon her. She testified that she was in the cotton patch picking cotton on the 80 acres of land in controversy. The objection to this evidence was that it was immaterial and irrelevant. The evidence, if not admissible, was harmless. But we are inclined to think it was admissible, as it tended to prove that Mrs. Brecheen was in possession of the land exercising acts of ownership over it at that time.

The evidence of Mrs. Brecheen, complained of under the sixth assignment of error, is practically to the effect as that complained of under appellant's third and fourth assignments of error; and, for the reasons given in passing upon those assignments, we think the evidence complained of was admissible.

The seventh assignment of error is to the effect that the court erred in refusing an instruction to the effect that if the deceased, John Field, entered into possession of the land by virtue of a lease contract, then the appellees would not be permitted to assert a parol gift until after Field had first surrendered possession as tenant. There was no necessity of such an instruction as this, because the court instructed the jury in terms that, if Field went into possession as tenant, or was holding as tenant of the appellants, then to find for the plaintiff.

The eighth assignment of error complains of the action of the trial court in refusing an instruction requested by the appellant to the effect that, if the jury found the land in controversy constituted a part of the homestead of the appellant and her insane husband at the time that such parol gift was made to John Field, then to find in favor of plaintiff. The homestead question, as here raised, is presented in several assignments of error. None of these assignments are well taken, for the reason that a homestead right in the land was not set up and pleaded by the appellant. The appellant brought her suit against the appellees in the form of trespass to try title. In answer thereto, the appellees specially pleaded their title, that is, a parol gift of the 80-acre tract in controversy, which it is claimed was a part of the homestead of the appellant. In response to this special plea of title, the appellant did not plead or set up any homestead right to this tract. Such being the condition of the pleadings, the homestead right was not in issue. (Field v. Rye, 24 Texas Civ. App., 273.)

The eleventh assignment of error complains of the action of the court in refusing to peremptorily instruct a verdict in favor of the plaintiff for the land in controversy, and thereafter submit to the jury the ques-

tion of rents that appellant might be entitled to. Of course, the court correctly declined to give this instruction.

The twelfth assignment of error complains of the action of the trial court in refusing a charge requested by the appellant to the effect that, if John Field took possession of the 80-acre tract in controversy under a lease contract between him and the plaintiff, and that the improvements were put upon the land by reason of such contract, then to find in favor of the plaintiff. This charge was correctly refused for the reason that the court, in its general charge to the jury, instructed them that, if John Field went into possession of the land, or held the same, under a rent or lease contract, then to find in favor of the pláintiff.

The question presented under the thirteenth assignment of error was practically covered by the charge of the court. Furthermore, the expression "reasonable certainty," used in the charge refused, might be considered as placing upon the appellees a greater burden than the law ·required. If a parol gift is established by a preponderance of the evidence, coupled with acts of possession and improvements, that would be sufficient to establish the right in appellees, and it is saying too much to require this to be established with reasonable certainty.

The question of rents was properly presented by the main charge of the court, which, in effect, instructed the jury that, if they found for the plaintiff, then the plaintiff would be entitled to recover from Mrs. Brecheen the reasonable value of the rents and revenues arising from the use of the land. Therefore, there was no error in refusing the charge as set out under the fourteenth assignment of error.

The fifteenth assignment of error complains of the action of the trial coûrt in permitting the defendants to prove by witness Montgomery that Field claimed the land upon which he lived during his lifetime, because it is insisted that this testimony was self-serving and hearsay, and called for the opinion of the witness, and was irrelevant and immaterial. The reasons given in a previous part of this opinion, in passing upon similar evidence, applies to this assignment.

The sixteenth assignment of error complains that the court erred in refusing plaintiff a new trial on the ground that the verdict is contrary to the law and the evidence. This assignment is disposed of by our findings of fact.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.