### MOUNGER v. DAUGHERTY et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 20, 1911.)

1. REFORMATION OF INSTRUMENTS (§ 36*)—PETITION—CONTENTS.

Though a petition for reformation of the description in deeds does not contain a direct allegation that the grantees were purchasers of the lands, it will be sufficient if that fact can be clearly implied from the other allegations of the petition.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 141–146; Dec. Dig. § 36.*]

2. REFORMATION OF INSTRUMENTS (§ 36*)—PLEADING—COPIES OF DEEDS.

A petition, in a suit to correct an alleged misdescription in deeds, is not objectionable because it contains copies of all the deeds sought to be corrected.

[Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. §.36.*]

3. WITNESSES (§ 162*)—COMPETENCY—TESTIMONY AS TO STATEMENTS OF AGENT OF INTESTATE.

Sayles' Ann. Civ. St. 1897, art. 2302, which provides that, in actions against an administrator, neither party can testify against the others as to any transaction with or statements by an intestate, unless. called by the opposite party, cannot be extended so as to exclude testimony of plaintiff in a suit against an administrator as to statements made to him by the agent of the intestate relative to the sale shown by intestate's deed.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §·701; Dec. Dig. § 162.*]

4. WITNESSES (§ 150*)—COMPETENCY—PARTIES AS TO WHOM TESTIMONY IS CONCLUDED.

Under Sayles' Ann. Civ. St. 1897, art. 2303, which provides that, in actions against an administrator, neither party can testify against the others, as to any transactions with or statements by an intestate, the testimony of plaintiff as to statements made by one acting as agent of defendant's intestate is not competent against the agent's heirs who are defendants. .

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 150.*]

5. REFORMATION OF INSTRUMENTS (§ 41*)—ISSUES — EVIDENCE — ADMISSIBILITY—DEED FOR PARTY DEFENDANT.

Where the petition, in a suit to correct the description in a deed, alleged the deed to be to plaintiff from defendant's intestate, and there was other evidence to show that the property was purchased by plaintiff, and that a correct description was omitted from the deed by mu-

tual mistake of the parties, the deed of defendant's intestate to plaintiff is admissible.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 153; Dec. Dig. § 41.*]

6. LIMITATION OF ACTIONS (§ 39*)—REFORMATION OF DEED.

Where deeds to plaintiff were executed on or before October, 1897, a suit by plaintiff for the correction of an alleged misdescription in the deeds brought in 1909 is barred by Sayles' Ann. Civ. St. 1897, art. 3358, providing that actions, except to recover land, for which no limitation is otherwise prescribed, must be brought within four years after accrual of the cause of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 190–211; Dec. Dig. § 39.*]

7. LIMITATION OF ACTIONS (§ 179*)—PLEADING—AVOIDANCE OF BAR—IGNORANCE.

Plaintiffs' petition, in a suit to correct alleged mistaken descriptions in deeds, brought in 1909, alleging that at the time of the purchase and acceptance of the deeds on or before October, 1897, that plaintiffs then believed that their title papers were correct and did not discover the alleged mistake until some during the year 1908, from which time they sought to have the mistake corrected, does not allege a prima facie excuse for failure to institute the suit earlier, so as to prevent the statute of limitations from running from date of the deed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 667–669; Dec. Dig. § 179.*]

8. EVIDENCE (§ 147*)—NEGATIVE TESTIMONY—EXISTENCE OF RECORD.

The admission, in a suit to correct alleged mistakes in a deed, of testimony of persons not the legal custodians of the records of deeds for the county in which the land in controversy is situated, to the effect that there was no record of one of the deeds alleged in plaintiff's petition, is error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 436; Dec. Dig. § 147.*]

Appeal from District Court, Lubbock County; L. S. Kinder, Judge.

Suit by Viola Daugherty and her husband against F. E. Wheelock and others, in which G. W. Mounger, as administrator of R. M. Whittle, deceased, was joined as a party defendant. Judgment for plaintiff against all the defendants, and G. W. Mounger, administrator, appeals. Judgment reversed and remanded as to appellant, and affirmed. as to the other defendants.

H. C. Ferguson, for appellant. Dillard & Moore, for appellees.

DUNKLIN, J. Viola Daugherty, joined by her husband, instituted this suit against F. E. Wheelock, J. D. Wood, and the unknown heirs of Don Whittle and R. M. Whittle, to correct certain deeds to several lots situated in the town of Lubbock. The deed first mentioned was executed by Wheelock in favor of Rufe and Don Whittle; the second deed was executed by Don Whittle in favor of defendant J. D. Wood; the third was executed by J. D. Wood in favor of R. M. Whittle; and the fourth was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

executed by R. M. Whittle in favor of plaintiff Mrs. Viola Daugherty. A portion of the property embraced in the three deeds last mentioned consisted of lots 16, 17, 18, and 19, in block 189. Plaintiffs allege in their petition that this was a misdescription, and that a correct description of the lots referred to and intended by the parties to be included in those deeds were lots bearing the same numbers, but situated in block 198 instead of block 189, and that the mistakes were made in drafting the deeds and were mutual mistakes of the parties thereto. G. W. Mounger, as administrator of the estate· of R. M. Whittle, joined with the defendants, sued in an answer to plaintiffs' petition disclaiming the title to all property described in plaintiffs' petition except lots 16, 17, 18, and 19, in block 198, and as to said lots they demurred to plaintiffs' petition by special exceptions, in one of which they urged the statutes of limitations of four and ten years. They also filed a general denial and plea of not guilty. The administrator also filed a cross-action against the plaintiffs in the form of trespass to try title, in which he sought to recover the lots last mentioned and the reasonable rental thereof for something like one year prior to the date of the judgment, which he alleged to be $50 per annum. Judgment was rendered in favor of plaintiffs against the the parties sued as defendants and also against the administrator correcting the deeds as prayed for in plaintiffs' petition, and also decreeing that plaintiffs be quieted in their title to said property, and from that judgment the administrator has appealed.

[1] There was no error in overruling appellant's special exception to the plaintiffs' petition based upon the contention that it did not contain an allegation that the lots had been purchased by the respective vendees, as such an allegation is clearly implied from other allegations in the petition.

[2] Nor was there error in overruling appellant's special exceptions to the petition because it contained copies of all the deeds of conveyance sought to be corrected.

[3, 4] The appellant objected to the action of the court in permitting plaintiff B. F. Daugherty to testify to the conversations and statements made by Don Whittle to the witness relative to the sale shown in the deed from R. M. Whittle to plaintiff Viola Daugherty; the ground of the objection being that as R. M. Whittle was dead, and the witness one of the plaintiffs and a party to the transaction, the testimony was not admissible under Sayles' Civil Statutes, art. 2302. This objection was overruled, and appellant has assigned error to that ruling. It appears from other testimony that Don Whittle acted for R. M. Whittle in negotiating the trade resulting in the deed from R. M. Whittle to the plaintiff Viola Daugherty, and as the testimony to which objection was made related to a transaction between the witness and the agent of R. M. Whittle, and not with R. M. Whittle himself, we think that it was not within the inhibition of the statute referred to above. It further appeared in the testimony that Don Whittle was also dead at the time this suit was tried, and, while the testimony was admissible as against the heirs of R. M. Whittle and his administrator, we do not think it would be admissible against the heirs of Don Whittle. Gilder v. Brenham, 67 Tex. 345, 3 S. W. 309; Saunders' Ex'rs v. Weekes, 55 S. W. 33; Wilmurth v. Tompkins, 22 Tex. Civ. App. 87, 53 S. W. 835.

[5] Appellant also objected to the admission in evidence of the deed from R. M. Whittle to plaintiff on the ground that there was no allegation in the pleadings and no proof to show that plaintiff had purchased the property from R. M. Whittle, and that a description of the same had been omitted from the deed by mutual mistake. As noted above, we think the pleading was sufficient to warrant the evidence, and there was other testimony introduced tending to show that the property was purchased and was omitted from the deed by mutual mistake of the parties.

[6, 7] Appellant has also assigned error to the action of the court in overruling his exception presenting the plea of limitation to the cause of action asserted. This assignment is sustained. According to the allegations in the plaintiffs' petition, the deed from R. M. Whittle to plaintiff Viola Daugherty was executed October 30, 1897. This suit was instituted in the year 1909, more than 11 years after the date of that deed. The other deeds which plaintiffs sought to correct were all executed prior to the date of the deed from R. M. Whittle. Plaintiffs allege in their petition that "at the time of the purchase of said lots by plaintiffs they resided in Grayson county, Tex., and that they believed at the time they purchased said lots that their title papers were in all things perfect, and that they did not discover the errors herein set forth until some time during the year 1908, and that from the discovery of said error in their title papers they have sought to have said errors corrected, and hence this suit." We think that the statute of limitation of four years (Sayles' Civil Statutes, art. 3358) would apply to the cause of action asserted in the plaintiffs' petition. Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919; C. T. & M. C. Ry. v. Titterington, 84 Tex. 225, 19 S. W. 472, 31 Am. St. Rep. 39. The allegation contained in the petition and quoted above giving an excuse for failure to institute the suit earlier did not constitute a prima facie showing to prevent the statute of limitation from running, at all events, from the date of the execution of the deed to Mrs. Daugherty. Rowe v. Horton, 65 Tex. 89; Ransome v. Bearden, 50 Tex. 119.

[8] The court erred further in permitting C. W. Holt and R. J. Dillard to testify that they had examined the records of deeds of Lubbock county, and that said records show no conveyance from any one to R. M. Whittle or Don Whittle of any lot in block 189 in the town of Lubbock; neither of said witnesses being the legal custodian of the deed records of Lubbock county. In the case of Edwards v. Barwise, 69 Tex. 87, 6 S. W. 679, our Supreme Court said: "To permit a witness not in charge of the office containing the registry of deeds to testify that no such record existed would be to introduce an unprecedented and dangerous practice. It is said by the Supreme Court of New Hampshire: 'When a party desires to prove the negative fact that there is no record, he must do so in the usual way—by the deposition of the proper official, or by producing him in court so that he may be sworn and cross-examined as to the thoroughness of the search made. If the summoning of such officer to testify in relation to public records at the call of a suitor shall be found impracticable by reason of interfering with his public duties, the remedy must be found in further legislation.' Bullock v. Wallingford, 55 N. H. 619. The principle applicable to the point before us is that the custodian of the records is the proper officer to prove that the record does not exist."

In view of another trial, we suggest that, while judgment was rendered in favor of the plaintiffs against the administrator, it does not appear that plaintiffs had filed any pleading in the case asking for a judgment against him; the only pleading shown being plaintiffs' second amended petition, in which a judgment is sought against the defendants Wheelock, Wood, and the heirs of R. M. Whittle and Don Whittle only. We desire to call attention further to the fact that the plaintiffs filed no answer to the administrator's cross-action in trespass to try title. Sayles' Civil Statutes, art. 5267.

Appellant has not urged either of these irregularities as the basis for any relief in this court, nor do we express any opinion as to the legal effects thereof; but we deem it proper to call attention to them in view of another trial.

For the error noted above, the judgment against appellant is reversed, and the cause remanded as to him; but, as to the other defendants in the suit, the judgment is undisturbed.