KING et al. v. MORRIS. (No. 872–4621.)*

Commission of Appeals of Texas, Section A.
Jan. 18, 1928.

Witnesses 139(11)—Widow with child, suing for husband's overpayment of note, held not incompetent as heir to testify, but competent as survivor of community (Rev. St. 1925, arts. 3716, 4619).

Where maker of note died, leaving widow and daughter, whatever rights widow had, based on deceased's overpayment, were those of surviving wife in community, and not as heir of deceased husband, under Rev. St. 1925, art. 4619, so that article 3716, relative to testimony in actions by or against heirs, was inapplicable in her action to recover excess payments.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

On motion for rehearing. Former judgment vacated, and judgment of the Court of Civil Appeals (283 S. W. 575) affirmed.

For former opinion, see 298 S. W. 412.

M. M. Smith and Everett Bryson, both of Pittsburg, for plaintiffs in error.

J. D. Bass, of Pittsburg, for defendant in error.

CRITZ, J. We have concluded that we were in error in holding in the original opinion:

"Whatever those rights were, they came in part to the widow in virtue of community survivorship and in part by *descent*."

The uncontroverted evidence in this case shows that whatever rights the widow had in the cause in issue in this case was community property of herself and her deceased husband, E. A. King, and, they having a daughter, Mrs. Richardson, one of the plaintiffs in error, the rights of Mrs. E. A. King were those of the surviving wife in the community and not as heir of her deceased husband. Revised Civil Statutes of Texas 1925, art. 4619; Speer's Law of Marital Rights in Texas, p. 447, par. 575; Spencer v. Schell, 107 Tex. 44, 173 S. W. 867; Harris v. Warlick (Tex. Civ. App.) 42 S. W. 356; Field v. Field, 39 Tex. Civ. App. 1, 87 S. W. 726; Evans v. Scott (Tex. Civ. App.) 97 S. W. 116.

In the case of Spencer v. Schell, supra, it is shown by the opinion that Bessie Schell brought the suit as the heir of Wallace Schell, her deceased husband, and as community survivor. Wallace Schell died intestate and without children, and the notes in controversy were community property of Wallace Schell, deceased, and his surviving wife, Bessie Schell, and she (Bessie Schell) brought the suit as his heirs and as community survivor; she not having qualified as community administratrix. In that case, Judge Phillips, speaking for the Supreme Court, says:

"In the course of the trial, the defendants offered the testimony of the defendant Edwin C. Spencer to establish the payment of certain sums upon the notes to the decedent, Wallace Schell, to which objection was sustained upon the ground that it was within the inhibition of article 3690 [Rev. St. 1911], which forbids the testimony of a party as to any transaction with the decedent in actions by executors, administrators, heirs, or legal representatives in which judgment may be rendered for or against them as such, unless called for by the opposite party. This action of the trial court is made the subject of a further assignment of error.

"As has been noted, Mrs. Schell was the plaintiff in the suit in a dual capacity; that is, as the heir of her husband and in her own right as community survivor. As a party plaintiff in her own right, the testimony was admissible against her. As against her in the capacity of the heir of her husband, it was inadmissible under the statute. If the suit were one for the recovery of distinct and severable interests, so that the testimony could be limited, and applied to the interest against which it was properly admissible, as, for illustration, where one sues in his own right and is joined by heirs, each seeking the recovery of a separate interest, the question would not be one of difficulty. The rule announced in Harris v. Warlick (Tex. Civ. App.) 42 S. W. 356, Field v. Field, 39 Tex. Civ. App. 1, 87 S. W. 726, Evans v. Scott (Tex. Civ. App.) 97 S. W. 116, and cases of like character, would then apply. But here the interests upon which the recovery is sought are not severable. They are joined in the same person, and the right to their enforcement constitutes an indivisible cause of action. It would be impossible, for instance, as a practical proposition, to limit the effect of this testimony simply to the interest in these notes of Mrs. Schell as the community survivor. It was not proposed to be shown by the proffered testimony that the payments to which it related were made to Wallace Schell otherwise than upon the notes generally. There could be, accordingly, no warrant for applying them solely to either Mrs. Schell's community interest or her inherited interest. From its nature, the testimony would necessarily affect both interests, and its effect is incapable of limitation."

By a careful reading of this case it will be seen that Wallace Schell died without issue, and that therefore the community property of himself and surviving widow, Bessie Schell, passed to Bessie Schell in its entirety, and she took one half of it as survivor and the other half as an heir. It will be noted that Judge Phillips expressly states:

"If the suit were one for the recovery of distinct and severable interests, so that the testimony could be limited and applied to the interest against which it was properly admissible, as, for illustration, where one sues in his own right and is joined by heirs, each seeking the recovery of a separate interest, the question would not be one of difficulty."

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied February 29, 1928.

Judge Phillips here expressly approves the rule announced in Harris v. Warlick, Field v. Field, and Evans v. Scott, above cited, and says that the rule announced in these cases would then apply.

In Harris v. Warlick, the Court of Civil Appeals, speaking through Judge Collard, says:

"The court excluded the testimony of defendant to the effect that he purchased and paid T. B. Harris for an undivided one-half interest in the Brown County Banner, and at the time of the death of T. B. Harris he and defendant were equal owners of the paper, and partners in operating the same. The testimony was excluded upon the ground that T. B. Harris was dead, and defendant could not testify to any contracts with, or transactions between himself and T. B. Harris. The testimony was admissible as against Mrs. Essie Warlick. She was not suing as an heir or executor of Harris' estate, but in her own right, as the owner of one-half of the community. She did not represent the estate, in any sense. She does not come within the exceptions enumerated in the statute (Sayles' Civ. St. art. 2248). Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Wootters v. Hale, 83 Tex. 564, 19 S. W. 134; Mitchell v. Mitchell, 80 Tex. 111, 15 S. W. 705. Mrs. Warlick does not come within the class of persons named in the statute, and therefore, as to her, the testimony was admissible."

In the case of Field v. Field, above cited, it is shown that Mrs. Field filed the suit in her own behalf and as guardian of her insane husband, P. B. Field, against Mrs. Mattie Brecheen and her children to recover title and possession of a tract of 103 acres of land in Collin county, and the court held that Revised Civil Statutes of Texas 1895, art. 2302, now article 3716, did not apply where the plaintiff sued not only as guardian, but also in her individual right, and defendant witness was not asserting any right as heir of her deceased husband, defendant's ancestor, to the land in question.

In Evans v. Scott, it is shown that the suit was originally instituted by R. S. Scott and A. L. Stevenson against A. B. Evans. A trial of the cause in the district court was had, and judgment rendered for the plaintiffs. This was appealed, and reversed by the Court of Civil Appeals, and, before another trial could be had in the district court, A. B. Evans died and his surviving wife and children were made parties defendant. Upon the second trial, Mrs. Evans, surviving wife of A. B. Evans, deceased, was offered as a witness, and offered to testify, which was objected to on the ground that the witness was a party to the suit; the transaction inquired about being one with the decedent, and under article 2302, now article 3716, inadmissible. The objection was sustained, and the ruling of the court was assigned as error. The Court of Civil Appeals, speaking through Judge Tolbert, says:

"We are of the opinion the testimony was properly excluded as to the children of the deceased, Evans. They are his heirs, and inherited the land upon which the road is located from him. Although instituted, primarily, for the purpose of restraining a public nuisance, the title to the land upon which the alleged highway is located was involved, and the suit did not abate upon the death of A. B. Evans. The cause of action was one that survived, and said suit could be proceeded with against the wife and children of the said Evans. But we think it is settled by the decisions in this state, so far as the prohibition of the statute in question is concerned, that said testimony was admissible in behalf of Mrs. Evans. It is undisputed that the land over which the road runs was the community property of herself and husband, and that Mrs. Evans had an absolute interest of one-half in it by reason of that fact. The action was not against her as executrix or administratrix, nor was she asserting any right to the property as heir of her deceased husband; neither was she administering their community estate under the statute as his surviving wife. In this attitude of the case, the statute mentioned was not applicable to her. Wilmurth et al. v. Tompkins et al., 22 Tex. Civ. App. 87, 53 S. W. 833; Field v. Field et al., 39 Tex. Civ. App. 1, 87 S. W. 726; Newton v. Newton, 77 Tex. 508, 14 S. W. 158; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134. This testimony, however, being admissible only so far as it affected the rights of Mrs. Evans, and having been offered in behalf of all the appellants without restriction, she is in no position to complain and ask a reversal of the case because of its exclusion."

In this case the suit is brought by Mrs. King, surviving widow, and Mrs. Richardson, the surviving daughter, of E. A. King, deceased. The bill of exceptions to this testimony shows that, when the objection to the testimony was made, the court overruled the objection and admitted the testimony, in so far as Mrs. E. A. King was concerned, but sustained the objection in so far as the plaintiff Mrs. Richardson was concerned. The court did not limit the testimony in his charge, but there is no exception taken to his so failing, and no requested charge asked. Plaintiff's bill of exception No. 2 is not sufficient to preserve any error in the court's failing to limit this testimony in his main charge.

We therefore conclude that we were in error in recommending that the judgment of the Court of Civil Appeals and of the district court be reversed, and we now recommend that the motion for rehearing of R. A. Morris, defendant in error, be granted, and that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment heretofore rendered is vacated, and judgment of the Court of Civil Appeals affirmed on rehearing as recommended by the Commission of Appeals.