COX et al. v. McCLAVE et al. (No. 8296.)

Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1929.

Rehearing Denied Jan. 8, 1930.

H. B. Cline and D. A. McAskill, both of San Antonio, H. S. Bonham, of Beeville, and T. M. West, of San Antonio, for plaintiffs in error.

M. A. Childers, of San Antonio, for defendants in error.

SMITH, J. Rudolph G. Giesler and Emma L. Beirhaus were married in 1895, and resided in the City of Chicago, Ill., throughout coverture. They separated in 1914, and in 1917 were divorced, at the instance of Mrs. Giesler. One child, a daughter, was born of this union, and is still living. Giesler removed to Texas after the divorce, and resided there until his death in 1923. Mrs. Giesler married E. W. McClave in 1919, but will be referred to herein as Mrs. Giesler, or defendant in error.

In 1908, while still married to his said wife, Giesler purchased certain real property in Bee county, Tex., taking title in his own name, without qualification, in the conveyance, of the character of his estate therein with reference to separate or community interest. Afterwards Giesler conveyed this property to his daughter, who later on reconveyed it to him.

Giesler left a will, under which R. L. Cox and Alex F. Cox are administering the estate as executors thereof. In this will none of the property possessed by the testator was specifically described, but the bulk of his estate was left, generally, to his said daughter. In assertion of his authority as executor, Cox took possession of the Bee county property, claiming it as a part of the estate of the decedent.

On August 26, 1926, Mrs. McClave, formerly Emma Giesler, brought this suit against said executor of the Giesler estate, and the several beneficiaries under said will, seeking to recover an undivided half of said Bee county land, upon the allegation that it was purchased with the common earnings of the Giesler spouses, and was therefore a part of their community estate. Two years later Mrs. Giesler amended her petition, seeking to recover the whole of said property upon allegations that the land had been purchased with her separate funds, consisting of gifts, inheritances, and separate earnings, and therefore became a part of her separate estate. The cause was tried upon this pleading, and, upon a finding that one-half of the consideration for said land was paid out of Mrs. Giesler's separate estate, judgment was rendered in her favor for that interest in the property. The defendants below have appealed.

The case turns primarily upon plaintiffs in error's contention that the testimony, upon which the trial court based his finding that

the property in controversy was purchased with funds from Mrs. Giesler's separate estate, was both insufficient and incompetent to support that finding. We have very carefully considered this contention, and have concluded that it should be overruled. It is quite clear that the testimony was sufficient to raise the issue of whether or not the funds came from Mrs. Giesler's separate estate. She testified in detail as to the sources of those funds, and, while some of her claims may sound far-fetched and improbable, they are not impossible of occurrence; and, while her recollection of the specific circumstances and incidents under which she received those funds appeared hazy and uncertain, it was probably in the mind of the trial judge, in resolving the issue, that the matters about which she testified occurred thirty-odd years ago, some of them, of unusually personal and intimate nature, while she was a mere schoolgirl. Her testimony as to the ultimate facts were fully corroborated by statements made at the time of the investment by her husband to his apparently intimate friend and adviser, one Candlish, as well as by his writings at the time. We overrule plaintiffs in error's challenge of the sufficiency of the evidence to support that finding.

■■ Concerning the competency of the evidence of Mrs. Giesler and Candlish, it is urged by plaintiffs in error that their testimony, in so far as it related to statements by and transactions with the decedent, was in contravention of the provisions of article 3716, Rev. St., 1925, prohibiting parties to litigation from testifying to such transactions or statements. With reference to the testimony of Mrs. Giesler, here objected to, there appear to be several reasons against plaintiffs in error's complaint, at least in so far as it is designed to present reversible error. In the first place, it appears from the record that plaintiffs in error on cross-examination elicited from Mrs. Giesler a repetition, in much more detail, of the very testimony to which they are here objecting, thereby waiving that objection. Their assignment of error is also futile, because, instead of objecting therein, or in the bill of exceptions upon which it is predicated, to specific testimony, plaintiffs in error object generally to all the testimony of said witness upon the whole subject, referring this court to the statement of facts at large, which this court must decline to search for this purpose. In short, plaintiffs in error ignore the rule which places the burden upon them, rather than upon the reviewing authority, to segregate and specify the testimony they would exclude. Their claim that the objectionable testimony is intermingled, throughout the statement of facts, with concededly admissible evidence, does not excuse, but rather emphasizes, plaintiffs in error's obligation to comply with this familiar rule.

■Defendant in error further meets this complaint of plaintiffs in error with the proposition that article 3716 does not apply to Mrs. Giesler, for the reason that she was not suing as an heir or legatee or legal representative, but in her own separate right as the owner of the property, without reference to the will, which did not expressly seek to dispose of or even mention said property. Under this contention defendants in error cite the following authorities, which seem to support the contention: Edwards v. White (Tex. Civ. App.) 120 S. W. 914; Tennison v. Palmer (Tex. Civ. App.) 142 S. W. 948; Wootters v. Hale, 83 Tex. 564, 19 S. W. 134; Spencer v. Schell, 107 Tex. 44, 173 S. W. 867; Harris v. Warlick (Tex. Civ. App.) 42 S. W. 356; Field v. Field, 39 Tex. Civ. App. 1, 87 S. W. 726; Evans v. Scott (Tex. Civ. App.) 97 S. W. 116; King et al. v. Morris (Tex. Com. App.) 1 S.W.(2d) 605. And, finally, the assignment is deprived of controlling merit by reason of the recitation in the trial judge's finding that he resolved the issue raised in the objectionable testimony, upon evidence independent of that which plaintiffs in error would exclude by the assignment under consideration, and now overruled.

■ With reference to plaintiffs in error's assignment complaining of the admission of the testimony of Candlish, who was a party defendant along with plaintiffs in error, on the ground that it was in contravention of article 3716, it appears from the record that Candlish was made a party defendant under the direction of the trial court after he had testified in the case by deposition, taken at the instance of defendant in error. He filed no answer, however, asserted no claim to the property involved, and was shown upon the trial to have no interest in the subject-matter of the litigation. In no event could he have any interest in common with defendant in error, who elicited his testimony here objected to. In this situation his testimony was not within the inhibition of article 3716. Oury v. Saunders, 77 Tex. 282, 13 S. W. 1030.

■ All the beneficiaries under the Giesler will were made parties defendant below by defendants in error. Plaintiffs in error complain of their presence as such parties. We think they were at least proper parties, and in any case their inclusion in the litigation could not injure plaintiffs in error, whose assignment of error thereon will be overruled.

■ We also overrule plaintiffs in error's third proposition, in which they complain of the overruling of their special exceptions to allegations in defendant in error's petition that the funds used in the purchase of the property involved were out of her separate estate, having been acquired by inheritance, gifts, and personal business transactions. Plaintiffs in error's objection to this allegation is that it was too general, and should have been amplified by allegations of the specific sources from which she derived those funds. We think the allegations were sufficient to let in proof of those specific sources.

964

We also overrule plaintiffs in error's fourth proposition for the same reason.

In their fifth proposition, plaintiffs in error assert, in effect, that the evidence was conclusive that defendant in error was estopped to assert her claim of separate ownership of the property involved, but we overrule the proposition upon the ground that this was an issue of fact resolved against plaintiffs in error by the trial judge, upon sufficient evidence.

It is contended by plaintiffs in error in their sixth proposition of law that the money paid by Giesler as cash consideration for the land in controversy was acquired by the Gieslers, and that said land was purchased by them, during the period of their marital domicile in the state of Illinois; that said funds were derived from the separate earnings of the husband and the joint earnings of both husband and wife, and that under the laws of Illinois, which they specially pleaded and proved up, all such earnings became the separate property of the husband; that the character of the estate in those funds as fixed by the laws of Illinois attached to the Texas property purchased with those funds; and that therefore the property in controversy became a part of the separate estate of the husband, and that defendant in error, as his wife, had no estate therein.

Under familiar rules, the character of the respective estates of husband and wife in property acquired by them in the state of their marital domicile is determinable by the laws of that state, and, it being conceded that the funds invested by Giesler in the Texas property in controversy were acquired by the Gieslers while domiciled in Illinois, their respective estates therein must be ascertained from the laws of that state, even though the provisions of those laws are out of harmony with the laws of Texas. And, applying this rule to plaintiffs in error's contention, if those funds were the separate property of Giesler under the laws of Illinois, that character of estate followed those funds when brought into Texas, and attached to the property in which they were here invested, even though under the laws of this state those funds, if acquired here under the circumstances of their acquisition there, would be classed as community property. Love v. Robertson, 7 Tex. 6, 56 Am. Dec. 41; Oliver v. Robertson, 41 Tex. 422; Rose v. Houston, 11 Tex. 324, 62 Am. Dec. 478; Blethen v. Bonner, 30 Tex. Civ. App. 585, 71 S. W. 290.

■■ But, according to the trial court's findings, plaintiffs in error have not brought their case under the protection of those provisions of the Illinois laws upon which they rely. For the trial court found, upon evidence already held herein as sufficient, that the money with which Giesler paid the cash consideration for the land in controversy consisted of $4,000 acquired by Mrs. Giesler pri-

or to her marriage to Giesler, and other funds she accumulated after marriage "by gifts, personal services and business transactions, which were her own individual and separate estate," and that all these items aggregated more than $5,000. It is true that some of these items, constituting a small portion of the whole, appear to have consisted of earnings derived from her own private ventures, but the exact amount of them is conjectural, and, if they were such as passed to Giesler's separate estate under the Illinois law, and therefore cannot be considered in support of the judgment, it will not be presumed that the trial judge gave controlling effect to them. In short, the findings of the court below are, in effect, that the funds in question were derived from money owned by Mrs. Giesler prior to her marriage, supplemented by gifts to her during coverture, and therefore, even under the Illinois law, constituted her separate property. It did not lose this distinctive character when invested in the Texas property, which in turn became her separate property to the extent of that investment therein, which the trial court determined to be one-half. We overrule plaintiffs in error's sixth proposition of law.

■ The question of limitations, under both the Texas and Illinois laws, is in the case, as presented by plaintiffs in error's seventh and eighth propositions. The question is one of fact, and, as the trial court resolved the issue against plaintiffs in error upon what is deemed sufficient evidence, we are not at liberty to disturb that finding. The seventh and eighth propositions are for this reason overruled, and, for reasons disclosed elsewhere in this opinion, the remaining propositions are also overruled.

The judgment is affirmed.