**URBAN et ux. v. CRAWLEY et al.**
No. 2607.

Court of Civil Appeals of Texas. Eastland.
Nov. 7, 1947.

Rehearing Denied Dec. 5, 1947.

Turner & Seaberry, of Eastland, for appellants.

Conner & Conner, of Eastland, for appellees.

LONG, Justice.

Price Crawley and B. E. Garner sued O. J. Urban and wife to recover possession of apartment 212 in the Gholson Hotel situated

in the city of Ranger, Texas. The action was in the form of a trespass to try title. Defendants answered by general denial plea of not guilty and alleged that they were occupying the premises under a written lease contract and further, that they had made valuable and permanent improvements thereon which were accepted by the then owners of the hotel and that plaintiffs were estopped from maintaining this suit. The court submitted the case to the jury upon special issues. Defendants filed a motion for judgment upon the verdict. Plaintiffs filed a motion for a judgment notwithstanding the verdict, which motion was granted by the court and judgment was entered in favor of the plaintiffs for the title and possession of the property involved, together with a personal judgment against both defendants for rent at the rate of $65 per month. The defendants have appealed.

In answer to special issues submitted by the court, the jury made the following findings:

(1) That defendant, O. J. Urban, had a written letter from the National Hotels Company (common source) calling for a rental of $30 per month for as long as defendant wished, provided he furnished paint, paper and labor needed to keep the premises in good condition.

(2) That about April 10, 1941, a verbal contract was made for a term of years at a rental of $33 per month, plus expense of redecorating.

(3) That the verbal contract was made by the manager under express authority from the owner.

(4) That after said contract was made, defendants caused the apartment to be painted and redecorated.

(5) That thereafter, defendants paid each month the increased rental of $33.

(6) That in paying the redecorating expenses and the increased monthly rate, defendants did so relying on the verbal agreement.

(7) That defendants would not have made said improvements nor paid said increased rental had they not relied on said verbal agreement.

(8) That after the verbal agreement was made, the then owner Joseph visited the apartment and accepted the defendants as his tenants on the terms provided in the verbal agreement.

(9) That when the owner, Joseph, visited the apartment and accepted defendants as his tenants, he knew or had reasonable cause to believe that defendants had made the improvements with the intention of occupying and holding said premises under the terms of said agreement.

(10) That the verbal agreement was later confirmed in writing by the manager Jennings in 1943.

(11) That Jennings was not authorized by Joseph to sign this written confirmation.

(12) That when Joseph sold the hotel to Jones, defendant Urban told Jones about the contract he had.

(13) That the new owner, Jones, acquiesced in such contract and accepted defendants as tenants thereunder.

(14) That the reasonable rental value of the apartment was $33 per month.

Defendants moved into apartment 212 in the year 1932 under an oral lease, paying therefor the agreed rental of $30 per month. They offered in evidence the following letter:

"HOTEL GHOLSON
Operated by Gholson Hotel Company
RANGER, TEXAS
July 1, 1938

Mr. Jack Urban
Gholson Hotel
Ranger, Texas
Dear Jack:

Following our conversation regarding your apartment it is our understanding that your rent will be $30.00 a month as long as you wish to keep it and with the understanding that you will continue to keep the apartment in good condition as far as redecorating and the Hotel is not to furnish any paint, paper or labor used in the decorating of your apartment.

Yours truly,
/s/ Paul L. Chapman
Paul L. Chapman, Manager"

It is our opinion that the above letter cannot form the basis of a rental contract.

In the first place, there is no showing that Paul L. Chapman executed such letter or that if he did, that he had any authority from the owners of the hotel so to do. Further, the letter is indefinite and uncertain. There is no period of termination fixed therein. It provides that defendant Urban may have the apartment "as long as you wish to keep it." A lease for an indefinite and uncertain length of time is an estate at will. The defendant was not bound by its terms to remain for any definite period. He could terminate his tenancy at any time he saw fit. Under such circumstances, the lessor could do the same. Hill v. Hunter, Tex.Civ.App., 157 S.W. 247.

The hotel was sold, in succession, to various people, among them, D. Joseph, who was the owner thereof in 1941. In April 1941, the plumbing in the hotel above apartment 212 had either broken or some of the basin had been allowed to run over and water had gone through into the bathroom and kitchen and part of the living room of the apartment and stained the walls thereof. The defendant, O. J. Urban, insisted that Mr. Joseph, the then owner of the hotel, redecorate the apartment. Mr. Jennings, the manager of the hotel, came to the apartment and examined the damages and advised Mr. Urban that he did not want to make the repairs without consulting Mr. Joseph. Mr. Joseph was called in and he was unwilling to make such repairs and advised Mr. Urban that he thought it was Urban's duty to make them. On this point, the defendant Urban testified as follows:

"I told him I didn't want to go ahead and fix it, that I had already furnished the floor coverings at a cost of approximately $232 without a new contract. I told him that I might have to move out. He assured me that if I went ahead and fixed it up that I would not have to move. I asked if he would give me a contract, and Mr. Joseph said he would and suggested I take it up with Mr. Jennings, and that whatever Mr. Jennings did would be all right * * *.

"Mr. Jennings asked me if I wanted to go ahead and fix the apartment up. I said I would if he would agree on a contract. He said he was willing to give a contract and I asked him for what length of time. He said five years, and I asked if he would give me an option of extension. He agreed to give me a contract for five years with three years extension if I would go ahead and repair the damage. He said if I would do that they would give me a contract and I agreed."

He further testified that the rental was to be $30 per month and that he was to pay the sum of $3 additional to take care of the expenses of the operation of an air conditioner that he was contemplating installing. Thereafter, in 1943, at a time when Mr. Jennings was no longer the manager of the Gholson Hotel and was a soldier in the United States Army, the defendant Urban prepared and mailed the following letter to Mr. Jennings:

"Phone 261
HOTEL GHOLSON
D. Joseph, Prop
E. Jennings, Mgr.

ON THE BROADWAY OF AMERICA
Ranger, Texas
April 10, 1941

Mr. Jack Urban
Gholson Hotel
Ranger, Texas .

Dear Mr. Urban:

Confirming our agreement in regard to Apartment 212 in the Gholson Hotel, now occupied by you and your wife, beg to state in consideration of your furnishing your own rugs and furniture, the Gholson Hotel hereby rents you said apartment for a period of five years from this date, with the privilege on your part to extend said rental period for three additional years, at a rental of $30.00 per month, plus $3.00 per month to cover the electricity for your air conditioner.

We are to supply the rooms and furnish the utilities, and you are to do all the painting and decorating at your expense and supply your own furnishings and furniture.

Yours very truly,
GHOLSON HOTEL
/s/ Elton J. Jennings
Manager."

Mr. Jennings signed such letter and returned it to defendant Urban.

The letter of date April 10, 1941 under the undisputed evidence was not written on such date but, on the contrary, was written long after Mr. Jennings had ceased to have any connection with the Gholson Hotel and after he had entered the armed services of the United States. The jury found that he had no authority to sign such letter. Consequently, the letter cannot be the basis of a lease contract for the apartment in question.

■ It is our opinion that the verbal contract relied upon by the plaintiff is unenforceable because it comes squarely within the provisions of the Statute of Frauds. Vernon's Ann.Civ.St. art. 3995. Under the law, any contract for the lease of real estate that extends beyond a period of one year must be in writing.

■ The same rule of law applies to a verbal lease of land for a longer period than one year as applies to a parol sale of land. In order to relieve such a verbal contract from the operation of the Statute of Frauds, three things must necessarily exist as follows:

(1) Payment of the consideration, whether it be in money or services.

(2) Possession under the verbal lease by the lessee.

(3) The making by the lessee of valuable and permanent improvements upon the land with the consent of the lessor or without such improvements, the presence of such facts as would make the transaction a fraud upon the lessee if it were not enforced.

■ The existence of any one or two of these elements is not sufficient. All three must exist to defeat the operation of the Statute. Applying the facts adduced upon the trial of this case to the above principles, we are of the opinion that none of the elements necessary to relieve the verbal contract from the operation of the Statute of Frauds existed. The plaintiffs did not go into possession of the property under and by virtue of the verbal lease contract. They were already in possession at the time of the agreement. They did not pay any consideration for the verbal contract. They were already in possession of the property under a contract whereby they agreed to pay $30 per month as rent therefor. Under the new contract, the rent was not increased. The $3 additional was agreed upon as the estimated expense of operating the air conditioner. Further, the plaintiffs did not make valuable and permanent improvements. All they did was to expend the sum of $91.65 in painting the walls of the apartment. It is our opinion that such repair of the premises is not a permanent and valuable improvement as is contemplated to take the verbal contract out of the scope of the Statute of Frauds. Further, there are no facts shown to exist that would make the transaction a fraud upon the lessees if the verbal contract were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Walker Avenue Realty Co. v. Alaskan Fur Co., Tex.Civ.App., 131 S.W.2d 196; Medical Professional Building Corporation v. Ferrell, Tex.Civ.App., 131 S.W.2d 683; Lechenger v. Merchants' National Bank, Tex.Civ.App., 96 S.W. 638; Clark v. Jones, Tex.Civ.App., 164 S.W.2d 62; Hauser v. Zook, Tex.Civ.App., 278 S.W. 518.

Defendants rely on the case of Sturgis v. Govatos, Tex.Civ.App., 237 S.W. 303, to sustain their contention that the verbal agreement does not come within the Statute of Frauds. We have carefully read this case and believe that our holding is not in conflict in any way with the holding therein. In fact, the court, in Sturgis v. Govatos, lays down the same controlling principles as to what facts must exist before a verbal agreement comes without the Statute of Frauds as we lay down here. Without extending this opinion by going into detail, we believe that the instant case is distinguishable on the facts from the case cited.

Insofar as we have been able to determine, there is no theory under the record in this case whereby defendants are entitled to hold possession of the property involved. It is our conclusion that the trial court properly granted plaintiffs motion for a judgment and that the judgment so entered in so far as it decreed the title and possession of the property to the plaintiffs is correct.

162

On April 4, 1946, defendant Urban by letter notified plaintiffs that he elected to exercise his option by extending his lease an additional three years at a rental of $30 per month, plus $3 per month to cover electricity for the air conditioner. Thereafter, the plaintiffs notified him that his rent would be $65 per month if he chose to remain in the apartment. The jury found that $33 per month was the reasonable rental value of the apartment. The court disregarded such finding and entered a judgment against the defendants for $65 per month. In this, we believe the court was in error. In a case such as we have here, the correct measure of damages for the holding over of property by a tenant after his lease has expired, is the reasonable rental value thereof. Sheppard's Home v. Wood et al., Tex.Civ.App., 143 S.W. 988; Jones v. Cleaver, Tex.Civ.App., 250 S.W. 251; H. L. Null & Co. v. J. S. Garlington & Co., Tex.Civ.App., 242 S.W. 507; Slaughter v. Qualls, Tex.Civ.App., 149 S. W.2d 651; Field v. Field, 39 Tex.Civ.App. 1, 87 S.W. 726.

We believe the court erred in rendering a personal judgment against Florence Urban for rent, interest and costs. It is undisputed that Florence Urban is and was at all times material the wife of the defendant, O. J. Urban. There was no allegation in plaintiffs' pleading setting up any ground whereby they could recover a money judgment against a married woman. Further, there is no proof showing her liability. There is no evidence that she took any part or did anything with reference to the holding over of the apartment after the expiration of the verbal lease except live therein with her husband. Under the law, it was his duty to furnish the domicile for his family. It was the duty of Mrs. Urban to live in the domicile furnished by her husband. There is no showing in the record that she did or said anything in connection with the trespass committed by her husband in holding the apartment after his lease had expired. Under the record as made, she could not be held liable for the rent of the apartment or for cost of this suit. Haynes v. Stovall, 23 Tex. 625; Cooke v. Avery, 147 U.S. 375, 13 S.Ct. 340, 37 L.Ed. 209.

The judgment of the trial court in so far as it decreed title and possession of the property in question to the plaintiffs is in all things affirmed.

The judgment of the trial court allowing a recovery of $65 per month as the rental value of the property is reversed and here rendered adjudging that the plaintiffs recover against the defendant, O. J. Urban, the sum of $33 per month rental value of the property as found by the jury.

The personal judgment rendered against Mrs. Urban for the rental value of the property and cost is reversed and judgment here rendered that plaintiffs take nothing as against Mrs. Urban.

The cost of this appeal is adjudged one-half against the plaintiffs and one-half against the defendant, O. J. Urban.

Judgment of the trial court affirmed in part and in part reversed and rendered.