## ENGELBRECHT v. ROSS.

### No. 5824.

Court of Civil Appeals of Texas. Amarillo.
Nov. 10, 1947.

Rehearing Denied Dec. 8, 1947.

King Fike, of Dalhart, for plaintiff.

B. N. Rickards, of Dalhart, and E. E. Coons, of Stratford, for defendant.

PITTS, Chief Justice.

This suit is in the nature of a trespass to try title but actually it involves nothing more on appeal than the termination date of a rental contract and the issue of possession of a section of land situated in Sherman County, Texas. Appellant, Joe Engelbrecht, filed suit on May 5, 1947, against appellee, Arthur Ross, alleging title to the land in himself and that appellee had unlawfully entered upon the land and was withholding it from him. In the alternative appellant pleaded that appellee occupied the land as a tenant in 1946;

that possession of the land for 1947 had been demanded in writing but appellee refused to give possession and he prayed for possession and damages for the use of the land. Appellee answered with a plea of not guilty, a general denial and interposed a cross action for possession and the use of the land for 1947 because of a rental contract for the said year and also asked for damages as a result of certain alleged trespasses committed by appellant.

The record reveals that appellee had the land leased under a written rental contract with the prior owners of the land for the years 1936 and 1937 at a rental value for the section as a whole of $250 annually payable $100 on February 1 and $150 on November 1 of each year and that any of the farm land that did not have growing crops on it on August 1, 1937, would be returned to lessor on the said date. The record further reveals that the terms of this contract were carried out and it expired on December 31, 1937; that thereafter no other written rental contract was executed between the parties and the record does not disclose any annual oral agreement for occupancy thereof but appellee continued to occupy and use the land with the approval of the owners as a tenant from year to year until and including the year 1946. At some time during the year of 1939 (the record does not disclose the exact date) the title of the land passed by inheritance to some heirs with B. W. Siegmund being one of the heirs and being given full control of the land to represent all the heirs. After the said heirs became the owners of the land, appellee continued to occupy and use the land as a tenant under the same terms as had been originally agreed upon until appellee and Siegmund sometime in the year 1939, the exact date not being disclosed by the record, made a new agreement reducing the annual rental value of the land from $250 to $225 and requiring the annual rental payments to be made directly to the owners rather than, through an agent as they had been previously made by appellee. Appellee had been growing wheat on a part of the land, row crops on a part of it and using the remainder as grass land. On August 6, 1946, Siegmund visited appellee who at that time paid Siegmund the 1946 rental on the land. On that occasion Siegmund told appellee that the heirs wanted to sell the land and would give him the refusal of it but they did not agree on a price. Appellee testified that he already had the wheat land plowed for 1947 when he had the conversation with Siegmund; that Siegmund said during the conversation, "I see you have plowed the wheat land * * * what would you take for possession" in case the land was sold to somebody other than appellee; that he told Siegmund he did not know at that time what he would take for possession but that he told him during a conversation the next day after appellee had talked to the boys on the farm who had done the plowing for him that he would have to have more than it cost him to plow the land and that Siegmund said "When I go back home, we will agree on a price and I will write you" but he did not hear from Siegmund until he notified him on December 7, 1936, that the land had been sold to appellant and that he should vacate by January 1, 1947. Siegmund made no offer at any time to pay appellee for possession or for the growing crops. Appellee further testified that after his conversation with Siegmund on August 6 he proceeded to occupy and use the land as he had previously done and sowed about three hundred acres in wheat during the month of August 1946, and made ready for 1947 harvest.

The record further reveals that the land was deeded by Siegmund and the other heirs to appellant on October 23, 1946, and the deed was recorded in Sherman County on October 30, 1946; that on November 25, 1946, appellant advised appellee that he had bought the land and requested appellee in writing to surrender to him by January 1, 1947, all the grass land and row crop land and to surrender the remaining portion of the land to him as soon as the 1947 growing crops thereon had been harvested; that on January 24, 1947, appellant gave appellee a second notice in writing and advised him as follows: "I am here and now giving you a second notice * * * do not make any attempt to do anything further with the land save and except to harvest and remove the wheat

now growing"; that appellant made no offer at any time to pay appellee for possession of the premises or for the growing crops thereon; that appellant testified as a witness that he had lived neighbor to the land during all the time appellee had been a tenant thereon and knew about appellee's occupancy thereof and that he knew appellee had about 320 acres of the land sowed in wheat when he bought it and that there was about 80 acres of the land suitable for row crops and the rest was grass land.

The case was heard before the trial court without a jury and judgment was rendered awarding possession of the wheat land to appellant as of date August 1, 1947, and awarding possession of the remainder of the land to appellant as of date December 31, 1947, and denied damages to either party, from which judgment both parties perfected their appeals to this Court and their assignments of error respectively are hereinafter stated. Appellee superseded the judgment with a good and sufficient bond.

■ Appellant complains that the trial court erred in refusing to sustain his exceptions to the insufficiency of appellee's pleadings relative to his alleged rental contract for the use of the land for the year 1947. A careful examination of the pleadings in question reveals that the pleading is a special form of pleading and is a part of appellee's cross action setting forth his claim to the possession and use of the land for 1947 as against a trespass to try title cause of action. Appellee does not plead or claim title to the land but pleads his claim to possession and use thereof for 1947 by virtue of a rental contract expiring December 31, 1947. It is our opinion that the pleading in question meets the requirements of Rule 783, Texas Rules of Civil Procedure, as provided for in such cases and appellant's complaint to the contrary is overruled.

Appellant contends that the trial court erred in awarding possession and use of any of the land to appellee for the year 1947, claiming that under the evidence the lease contract terminated on all of the land as of date December 31, 1946. Appellee contends in his counterpoint that the trial court erred in awarding appellant possession of the wheat land as of date August 1, 1947, since his rental contract for the use of all the land from year to year did not expire until December 31, 1947. We shall consider appellant's assignment of error and appellee's cross assignment together.

■■ It appears from the record that appellee had been occupying and using the premises from year to year since the written rental contract expired on December 31, 1937, without any definite agreement with the owners but with their sanction and approval. The fact that appellee held possession of the premises was prima facie evidence of a legal right of possession until appellant produced sufficient evidence of probative force to the contrary and the burden of proving that the tenancy contract had expired was upon appellant. Barton v. Tharp, Tex.Civ.App., 27 S.W.2d 885; H. L. Null & Co. v. J. S. Garlington & Co., Tex.Civ.App., 242 S.W. 507; 27 Tex.Jur. 321 and 322, Sec. 188. In the absence of any findings of the trial court in the record or any request for such, the presumption is indulged that the trial court found all of the material facts in support of the judgment, among them being that appellant failed to discharge the burden of proof since the trial court found in its judgment that appellee was a "hold-over lessee from year to year" of the land and the premises in question and that his lease on the wheat land would expire on August 1, 1947, and that his lease on the remainder of the land would terminate December 31, 1947. It is our opinion that the judgment of the trial court terminating the rental contract on the wheat land of date August 1, 1947, is erroneous.

The record reveals that the section of land had been leased and occupied as a unit and that whatever agreement, implied or otherwise, the parties may have had covered the entire tract of land from year to year; that appellee had been using approximately one-half of the land as wheat land and had sowed the wheat land in August, 1946, and that Siegmund who had full control of the land until October 23, 1946, recognized that appellee had already prepared the wheat land for planting and had a vested right in the land for 1947

when he talked to appellee in August, 1946 and inquired how much "he would take to clear off" and give possession of the premises if the land should be sold to somebody other than appellee who had already settled with him at that time for the 1946 rental. Such was a strong implication to appellee that Siegmund recognized his rights to continue as a hold-over tenant for 1947. Appellant recognized that appellee had a vested right in the wheat land, at least, when he asked for possession of the wheat land in his two written notices for possession as early in 1947 as the wheat growing thereon could be harvested.

The trial court was justified in holding under the evidence that appellant failed to discharge the burden of proof in an attempt to establish the fact that the rental contract expired on December 31, 1946, but it is our opinion that neither the evidence nor the law supports the finding of the trial court to the effect that the rental contract expired on the wheat land on August 1, 1947. If the trial court, in arriving at such a finding and making such a holding, was attempting to follow and apply that provision of the written rental contract for the years 1936 and 1937 which provided that any of the farm land that did not have growing crops on it on August 1, 1937, should be returned to lessor on that date, it was in error. The said written contract was for a term of two years and had expired on December 31, 1937. It had been superseded by an implied contract from year to year and the annual rentals had been mutually reduced from $250 to $225 and by oral agreement between the parties the payments were being made directly to the owners rather than to the agent of the owners as had been the previous custom.

In this case the evidence was heard on July 7, 1947, and the judgment entered on the same day, terminating the lease contract on the wheat land on August 1, 1947, while the evidence revealed that the 1947 wheat crop had not been harvested at the time of the trial and there was no evidence tending to show when such crop would be harvested. Therefore under the record the trial court had no way of knowing whether or not there would be growing crops on the wheat land on August 1, 1947.

Neither party asked in his pleadings for judgment terminating the lease on the wheat land on August 1, 1947. Appellant asked that the rental contract on the entire section be terminated December 1, 1946, and appellee asked that such be terminated a year later on December 31, 1947, consequently there is no pleading to support that part of the trial court's judgment as is required by Rule 301, Texas Rules of Civil Procedure.

■ This is not a suit for a declaratory judgment. It is a well established rule of law that a person cannot maintain an action for possession of land in a case such as this until his right to such possession has accrued. If appellant's right to possession of the wheat land had not accrued when he brought his action on May 5, 1947, the action was prematurely filed and that part of the judgment rendered on July 7, 1947, attempting to terminate the rental contract for the wheat land at a subsequent date on August 1, 1947, was erroneous because it attempted to adjudge a right which, under the findings of the trial court, had not accrued even on the date of the judgment.

■ Since neither party asked for a declaratory judgment and since appellant's claim, under the trial court's findings, had not accrued on any part of the land at the time of the trial, it was not proper to try to construe the terms of whatever kind of a rental contract the parties may have had. Under the pleadings, the evidence, the findings of the trial court and under the law, it would have been proper to have rendered judgment that appellant take nothing by his alleged cause of action and adjudged all the cost against him. In view of the record, it is the duty of the reviewing court to reverse the judgment of the trial court and render the kind of judgment that should have been rendered. Therefore, the judgment of the trial court is reversed and judgment is here rendered that appellant take nothing by reason of his alleged cause of action.