Gene SITZ, Appellant,

v.

C. N. HODGES, Appellee.

No. 6412.

Court of Civil Appeals of Texas.

Amarillo.

June 14, 1954.

Rehearing Denied Sept. 7, 1954.

———◆———

Odell & Brann, Lubbock, for appellant.

Klett, Bean & Evans, Lubbock, for appellee.

PITTS, Chief Justice.

This suit is in the nature of a trespass to try title, involving a claim of breach of a written rental contract of realty together with the improvements thereon situated in Lubbock, Lubbock County, Texas. The suit was filed by appellee, C. N. Hodges, against appellant, Gene Sitz, and other named defendants who, according to the record, had subleased some of the premises from appellant, Gene Sitz, but who are not before this court on appeal. Located on the premises were a small hotel, a barber shop and beauty shop, a printing shop and a portion of the said lots was subrented and used for other purposes. Appellee sought recovery of title and possession of his premises, together with damages and rents, as against all of the named defendants, but defendant Gene Sitz, appellant herein, was the only defendant who answered or resisted appellee's claim and he filed only a plea of not guilty. Upon a hearing before the court without a jury, judgment was rendered for appellee as against all defendants for title and a writ of possession of his premises, together with a judgment for accrued rentals under the

terms of the contract in the sum of $1,365 as against appellant, Gene Sitz, only, from which judgment Gene Sitz only appealed and filed a supersedeas bond the amount of which was fixed by the trial court.

Appellant seems to contend that a trespass to try title action will not lie in a suit such as this where a landlord as lessor resorts to such an action against a tenant as lessee for the cancellation of a written rental contract after notice because of default in rental payments when the contract contains the cancellation clause authorizing the landlord or lessor to terminate the rental contract upon default of tenant or lessee in rental payments. For such reason appellant charges, in effect, that the pleadings and evidence do not support the trial court's judgment and also charges that improper evidence was admitted. It has been held that an action in trespass to try title by lessor as against lessee will lie after termination of lease by reason of lessee's breach of conditions and stipulations therein contained. Texas Rural Communities v. Avary, Tex.Civ.App., 113 S.W.2d 597, writ dismissed. Such rule was likewise approved in the recent case of McDowell v. Greenland, Tex.Civ. App., 259 S.W.2d 305. In the case of Engelbrecht v. Ross, Tex.Civ.App., 207 S.W.2d 240, this court held that a trespass to try title suit would lie when it involved nothing more than the termination date of a rental contract and the right of possession. In the case at bar the trial court found that appellant (lessee) had defaulted in the payment of monthly rentals and had otherwise breached the terms of the written rental contract which justified appellee (lessor) in cancelling and terminating the contract according to the provisions of its terms after giving written notice to appellant of his intentions so to do, which notice had been duly given according to the record.

It is an elementary rule of law that a tenant cannot dispute his landlord's title while in possession under the landlord. Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410. Rule 784, Texas Rules of Civil Procedure, requires the person in possession of the premises to be made a defendant in a trespass to try title suit. Under the provisions of Rule 789 the defendant may resort to any lawful defense in such a suit, except that of limitations, under a plea of not guilty and such an answer of defendant is an admission of possession of the premises sued for under the provisions of Rule 790.

The record reveals that the same premises here involved had previously been under a written rental contract between the same parties, which expired according to its own terms on July 1, 1952, and that a new rental contract was executed for a three-year term from July 1, 1952 to July 1, 1955. Appellant testified that the parties agreed to make the provisions of the two rental contracts the same except for the duration terms and the amount of the rentals, which rentals were advanced in the latter contract. Both contracts were admitted in evidence, the latter being properly admitted for the sole purpose of showing similarity as testified to by appellant. The terms of the two similar contracts contain the cancellation clause authorizing appellee to terminate the same upon default of any rental payments by appellant or upon a violation of any other covenants therein contained, in which event appellee was authorized to terminate the contract, reenter the premises and remove all persons therefrom without being a trespasser and without prejudicing his rights to collect delinquent rents. The terms of the similar contracts, as construed by appellant, likewise required him as lessee to maintain the premises and not to use the same for unlawful purposes.

In his testimony appellant admitted he had not paid a part of the August rent or the September rent. He had therefore defaulted in rental payments according to his own testimony. Prior to filing this suit and on September 3, 1953, appellant was served with written notice by the Lubbock County Sheriff of appellee's election to terminate the rental contract because appellant had violated the covenants there-

in contained. The evidence reveals that appellant owed a balance of $30 for July, 1953 rentals, $235 for August, 1953 rentals and $550 rentals for each of the months of September and October, 1953, making a total of $1,365 rentals due appellee. Appellee was entitled to judgment for the September and October rentals fixed by the terms of the contract because appellant continued to occupy the premises. The evidence therefore supports the amount of past due rentals found to exist by the trial court under the terms of the contract. Urban v. Crawley, Tex.Civ.App., 206 S.W.2d 158; Great Atlantic & Pacific Tea Co. v. Athens Lodge No. 165, A. F. & A. M., Tex.Civ. App., 207 S.W.2d 217.

The evidence further reveals that there existed upon a part of the premises what was known as the Knapp Hotel which was under the control of appellant under the terms of the rental contract and which bore the reputation, according to the evidence, of being a bawdy house occupied by lewd women who had been recently applying their trade in violation of the law. For these reasons the trial court was justified in finding that appellant had not only defaulted in rental payments but had also "otherwise breached the rental contract", thus giving appellee the right to repossess the premises without being guilty of trespass.

■ In his pleadings appellee sought for the reasons stated to recover possession of his premises, together with damages, rents and other relief to which he may show himself entitled. Such recoveries were asked in his prayer for relief. He alleged the amount of damages he had sustained and the annual rental value of his property. He finally claimed no damages and none was allowed but he did seek successfully in the trial court to recover possession of his premises and the rentals. Under the authorities cited we think appellee's pleadings were sufficient. However, appellant seeks here to attack them, but he did not except to appellee's pleadings in the trial court and has therefore waived his right to complain about them on appeal.

For this reason he should not now be heard to complain about appellee's pleadings in any event. Rules 45, 90, 91; Strickland Transp. Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675, and other authorities there cited.

■ Appellant complains because the trial court admitted evidence tending to show that the Knapp Hotel located on the premises in question bore the reputation of being a bawdy house. The terms of the contract as construed by appellant prohibited the use of the premises for unlawful purposes. Appellant's attention was called to this matter in the written notice served upon him by appellee prior to filing this suit. Lubbock County Deputy Sheriff Bill Daniels testified that he knew the reputation of the Knapp Hotel to be that of a bawdy house; that he knew prostitutes resided at the Knapp Hotel; that he had on previous occasions arrested some of the women occupants of the said Hotel for prostitution and had been present in the court when some of them known to be prostitutes had entered pleas of guilty to such charges. Article 510 of the Texas Penal Code provides that "A bawdy house is one kept for prostitution or where prostitutes are permitted to resort or reside for the purpose of plying their vocation." Article 514 of the Penal Code makes it an offense to conduct a bawdy house.

■ According to the terms of the contract and appellant's own testimony, he had obligated himself not to use the rental property in violation of the law, thus making an issue of the matter by his own conduct. For this reason it is our opinion that the evidence about which he complains was admissible. However, either a default in the payments of rentals or the use of any of the property in violation of the law justified appellee's election to terminate the contract under the provisions of its own terms and supported the trial court's judgment to that effect. Appellant's own testimony reveals that he had defaulted in rental payments and he did not deny that a part of the premises had been used in violation of the law. When appellant was asked as a wit-

ness if he permitted prostitution in the said Knapp Hotel at and prior to the time appellee served him with written notice of his election to terminate the rental contract, he, through his attorney, declined to answer the question on the grounds in part that it was incriminating.

For the reasons stated appellant's points of error are all overruled and the judgment of the trial court is affirmed.