Opinion filed September 29,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00298-CV

                                                    __________

 

                   PROVIDENCE
LAND SERVICES, LLC,  Appellant    

                                                             V.

                                TRAVIS
JONES ET AL.,  Appellees 

                                                  
_________

                         ROY COOPER ET AL., Cross-Appellants

                                                           
V.

                PROVIDENCE
LAND SERVICES, LLC, Cross-Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                          Mitchell
County, Texas

 

                                                     Trial
Court Cause No. 15,363

 



 

                                                                  O
P I N I O N

 

            This appeal arises from a dispute between a landlord and its tenants concerning
residential lake lots located at Lake Colorado City.  The controversy concerns
the duration of the written real estate leases executed by the tenants and the
landlord’s predecessors-in-interest.   After a bench trial, the trial court
determined that one category of leases constituted ninety-nine year leases and
that another category of leases constituted tenancies at will.  The landlord
appeals the trial court’s ruling on the ninety-nine year leases, and the
tenants of the leases determined to be tenancies at will are appealing that
ruling.  We affirm in part and reverse and render in part.

Background
Facts

            Graydon
M. and Inez Howell previously owned the land where the lake lots are located. 
Beginning in the 1970s, the Howells began to lease individual lots to people who
wanted lake property.  The lake lots were known as the “Howell Properties,” and
they consisted of forty-three total lots.  The underlying litigation involved
twenty-five of these lots.   

            The
Howells and their tenants executed written lease agreements for each of the
lots.  The terms of the leases were drafted by the Howells without the aid of an
attorney.  With respect to the duration of the leases, the leases can be
classified into three categories:  (1) leases that expressly provided that they
were “indefinite”; (2) leases with no express end date; and (3) leases with
fixed termination dates.  The trial court labeled these categories respectively
as “Indefinite Term Leases,” “No End Term Leases,” and “Fixed Term Leases” in
the court’s judgment.  We will also use these descriptions for the sake of clarity. 


            Graydon
Howell died in 1988.  After his death, Inez Howell continued to administer
Howell Properties until her death in 1996.  The Howells’ daughter, Carolyn
Howell, assumed control of Howell Properties after her mother’s death.  She
continued to administer the lots until her death in 2007.

            There
were no disputes concerning the duration of the leases during the lifetimes of
Graydon, Inez, and Carolyn.  The events giving rise to this underlying action
occurred when control of Howell Properties passed to Carolyn’s brother, Rex Glenn
Howell, at her death in 2007.  Rex conveyed the lots to appellant, Providence
Land Services, LLC, in January 2008.  Soon after acquiring the lake lots,
Providence sent new leases to the tenants proposing new lease terms including
thirty-day termination provisions and higher lease payments.  Providence based
this action on its assertion that the leases signed by the tenants and the
Howells were tenancies at will.  The tenants instituted the underlying action
against Providence in an effort to establish that their original leases were long-term
leases as a result of written and verbal agreements that they had made with the
Howells.[1]




 

Indefinite
Term Leases

            In
its first issue, Providence attacks the trial court’s construction of the
Indefinite Term Leases.  These leases provided as follows with respect to their
duration:

       For the sum
of $____, the receipt of which is hereby acknowledged, a like annual rental of
$____ payable each year on or before ____________, Lessor will lease to Lessee
the following described lot or parcel of ground on shores of Lake Colorado
City, for residential purposes only, for the period from this date until   Indefinite, under the following stipulations,
agreements, and restrictions.

 

The trial court
determined that the use of the word “indefinite” to define the end date of the
leases’ duration was ambiguous as a matter of law.  Accordingly, the trial
court considered the oral testimony and documentary evidence submitted by the
tenants to the effect that they and the Howells intended to create long-term
leases by the use of the term “indefinite.”  The tenants presented a great deal
of evidence regarding their work to clear the lake lots for occupancy and the substantial
improvements that they made on the lake lots based upon the expectancy of being
there many years.  The trial court ultimately interpreted the duration of the
Indefinite Term Leases to be ninety-nine years from the date when they were
entered.

The
trial court’s determination that the use of the term “indefinite” was ambiguous
is a threshold issue that we must resolve.  Whether a contract is ambiguous is
a question of law for the court to decide by looking at the contract.  Nat’l
Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc., 907 S.W.2d 517,
520 (Tex. 1995).  In construing a contract, we must ascertain the true intentions
of the parties as expressed in the writing.  J.M. Davidson, Inc. v. Webster,
128 S.W.3d 223, 229 (Tex. 2003).  In the absence of fraud or mistake, the writing
alone will be deemed to express the intention of the parties, and courts will
enforce an unambiguous instrument as written.  Cherokee Water Co. v.
Forderhause, 641 S.W.2d 522, 524 (Tex. 1982); Sun Oil Co. (Del.) v.
Madeley, 626 S.W.2d 726 (Tex. 1981); Rutherford v. Randal, 593
S.W.2d 949 (Tex. 1980); City of Pinehurst v. Spooner Addition Water Co.,
432 S.W.2d 515 (Tex. 1968). The court is not looking for the subjective intent
of the parties, which, as here, is conflicting and in fact creates an ambiguity
in the language of the instrument; instead, it is the objective intent, the
intent expressed or apparent in the writing, which is sought.  Forderhause,
641 S.W.2d at 525; City of Pinehurst, 432 S.W.2d at
518.

A contract is not ambiguous if it is so worded that it can be given a
definite or certain legal meaning.  Wal-Mart Stores, Inc. v. Sturges, 52
S.W.3d 711, 728 (Tex. 2001).  An ambiguity does not arise simply because the
parties advance conflicting interpretations of the contract.  Id.  In
this regard, parol evidence cannot be admitted to create an ambiguity. Nat’l
Union Fire Ins. Co., 907 S.W.2d at 520.  Rather, a contract is only ambiguous
if its language is subject to two or more reasonable interpretations.  See
Monsanto Co. v. Boustany, 73 S.W.3d 225, 229 (Tex. 2002).  

The
key word in our analysis is use of the word “indefinite” to define the end date
of the term of the leases.  As set out above, the leases defined their duration
as “for the period from this date until Indefinite.”[2] 
The tenants contend that “indefinite” is subject to two meanings:  a “legal
definition” of uncertain or vague, and a layperson’s definition of “not
limited.”  The tenants are essentially contending that the definition of “not
limited” means the same thing as “unlimited.”  Thus, the tenants contend that
the use of “indefinite” in the leases indicates that their duration was
ninety-nine years or longer.

We
disagree with the tenants’ alternative construction of “indefinite.” 
“Indefinite” is not synonymous with “infinity,” “perpetual,” or “forever.” The
definition of “not limited” for “indefinite” is simply another way of saying
that it means “uncertain.”  The use of “indefinite” in the leases has a definite
and certain legal meaning; the leases, as written, have no end date.  As a
matter of law, the leases are not ambiguous.  Accordingly, parol evidence in
the form of the evidence from the affected tenants regarding their
understanding of the duration of the leases and the oral representations of the
Howells is not admissible to alter the construction of the meaning of “indefinite.” 


A
lease contract must, as to its duration, be certain as to time or refer to a
certainty.  Holcombe v. Lorino, 79 S.W.2d 307, 310 (Tex. 1935); Hill
v. Hunter, 157 S.W. 247 (Tex. Civ. App.—Austin 1913, writ ref’d).  If the
tenant is holding the premises for no certain time as provided by the contract,
he is merely a tenant at will, and the tenancy may be terminated at the will of
either party.  Holcombe, 79 S.W.2d at 310.  As we previously held, “A lease for an indefinite and
uncertain length of time is an estate at will.”  Urban v. Crawley, 206
S.W.2d 158, 160 (Tex. Civ. App.—Eastland 1947, writ ref’d n.r.e.) (emphasis
added).  Accordingly, the tenants holding under the Indefinite Term Leases are
tenants at will.

            The
tenants additionally argue on appeal that Providence is barred under the
doctrine of promissory estoppel from enforcing the leases as tenancies at will. 
The trial court’s judgment contains a finding in favor of the tenants “on the
issue of promissory estoppel.”  The tenants contend that they detrimentally
relied on the representations made by the Howells that they could stay as long
as they wanted on the lake lots by making significant, permanent improvements
to the lots.

A lease of real estate for a term longer than one year must be in writing in order to
be enforceable under the statute of frauds.  Tex.
Bus. & Com. Code Ann. § 26.01 (Vernon 2009).  In order to satisfy
the statute of frauds, there must be a written memorandum that is complete
within itself in every detail and that contains all of the essential elements
of the agreement so that the contract can be ascertained from the writing
without resort to oral testimony. Cohen v. McCutchin, 565 S.W.2d 230,
232 (Tex. 1978). Accordingly, any oral agreement or representation by the
Howells regarding the duration of the leases would be barred by the statute of
frauds.  

            The
tenants are asserting promissory estoppel as an exception to the statute of
frauds.  By doing so, they are attempting to either create a new lease
agreement with an unlimited duration or alter the legal effect of the existing
lease.  When promissory estoppel is raised to bar the application of the
statute of frauds, there is a requirement that the promisor promised to sign a
written document complying with the statute of frauds.  Nagle v. Nagle,
633 S.W.2d 796, 800 (Tex. 1982).  To invoke this doctrine, the tenants needed
to prove an oral promise by the Howells to sign a written agreement that would
comply with the statute of frauds by setting out an end date for the lease’s
duration.  See Nagle, 633 S.W.2d at 800; Consol. Petroleum Indus.,
Inc. v. Jacobs, 648 S.W.2d 363, 367 (Tex. App.—Eastland 1983, writ ref’d
n.r.e.).  The record does not reflect that the Howells promised to sign another
lease agreement with different terms pertaining to its duration.  Accordingly,
the tenants’ promissory estoppel argument fails.

            Providence’s
first issue pertaining to the construction of the Indefinite Term Leases is
sustained.  We conclude that these leases constituted tenancies at will as a
matter of law.  We do not reach Providence’s second issue pertaining to the
amount of rent due under the Indefinite Term Leases as a result of our ruling
on its first issue.

Other
Leases

            Cross-appellants,
Roy Cooper, Sharla Cooper, Shannon Covington, Gail Greer, Ronnie Greer, Darlene
Grice, Ronnie Jones, Eddie Moss, Abel Ruiz, and Frances Trotter, raise a single
issue challenging the trial court’s ruling that the No End Term Leases
constitute tenancies at will.  The trial court based this ruling on the fact
that these leases did not contain terms pertaining to their duration.  The
trial court did not consider the tenants’ parol evidence regarding the Howells’
intent that these leases were to be long-term leases.  The tenants contend that
the No End Term Leases are ambiguous and that parol evidence is admissible to
resolve this alleged ambiguity.  

Ambiguity
in contract language is not to be confused with silence.  Ambiguity results
when the intention of the parties is expressed in language that is susceptible
of more than one meaning. Med. Towers v. St. Luke’s Episcopal Hosp., 750
S.W.2d 820, 822 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  In
contrast, when a contract is silent, the question is not one of interpreting
the language but, rather, one of determining its effect.  Id.  

We
agree with the trial court’s interpretation of the No End Term Leases.  As
noted previously, a lease for an uncertain length of time is an estate at
will.  Urban, 206 S.W.2d at 160.  “Courts are without authority to supply the missing terms of a contract which the parties themselves had either not
seen fit to place in their agreement, or which they omitted to agree upon.”  Dempsey
v. King, 662 S.W.2d 725, 728 (Tex. App.—Austin 1983, writ dism’d).  Cross-appellants
additionally contend that Providence is barred under the doctrine of promissory
estoppel from enforcing the No End Term Leases and the expired Fixed Term
Leases as tenancies at will.  The same reasoning that precludes the tenants’
reliance on promissory estoppel with respect to the Indefinite Term Leases also
applies to the No End Term Leases and the Fixed Term Leases.  Cross-appellants’
sole issue is overruled.

This Court’s Ruling

             The
judgment of the trial court insofar as it pertains to the Indefinite Term
Leases is reversed, and judgment is rendered in favor of Providence.  In all
other things, the judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

 

                                                                                                JUSTICE

 

September 29, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]The
tenants subsequently added Rex Glenn Howell as a defendant.  Among other
things, they asserted that, by selling the property to Providence, Rex breached
written and verbal agreements that they had made with his parents and sister.  As
a result of a settlement, Rex was no longer a party at the time of trial.





                [2]The
word “Indefinite” was handwritten into a blank on a pre-printed form.